Martin F. Casey
**CASEY & BARNETT, LLC**
41 Madison Avenue, Ste 2528
New York, New York 10010
(212) 286-0225
mfc@caseybarnett.com
Attorneys for Plaintiff

**14 CV 7452**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ACUSHNET COMPANY,

       Plaintiff,

  - against –

M/V SUEZ CANAL BRIDGE, her engines, tackle, boilers, etc. *in rem*; SEA QUEST SHIP MANAGEMENT INC.; VIRGO CARRIERS CORP SA; APL LOGISTICS LTD.; and KAWASAKI KISEN KAISHA LTD. d/b/a K LINE, *in personam*.

       Defendants.
----------------------------------------------------------------X

14 Civ.

**COMPLAINT**

RECEIVED SEP 15 2014 U.S.D.C. S.D.N.Y.

    Plaintiff, ACUSHNET COMPANY, by and through its attorneys, Casey & Barnett LLC, as and for its Complaint, alleges upon information and belief as follows:

### JURISDICTION

    1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is predicated upon 28 U.S.C. §1333.

### PARTIES

    2.    At all material times, ACUSHNET COMPANY (hereinafter "Acushnet" or "Plaintiff") was and is a corporation organized and existing by virtue of the laws of a foreign state with an office and place of business located at 333 Bridge Street, Fairhaven, MA 02719 and

was the owner/consignee of a consignment of apparel laden on board the M/V SUEZ CANAL BRIDGE, as more specifically described below.

3. At all material times, defendant M/V SUEZ CANAL BRIDGE (hereinafter "the vessel") is an ocean going container ship owned and operated by defendants, as more specifically described below, that carried containerized cargo which is the subject matter of this lawsuit, from Germany to the United States.

4. At all material times, defendant VIRGO CARRIERS CORP S.A. (hereinafter "Virgo") was and is a corporation with an office and place of business located c/o Sea Quest Ship Management Inc., Room 3B, St Jude Bldg., 1020 General Malver Street, Makate, Manila, Philippines, was and is the owner and/or operator and/or manager of the M/V SUEZ CANAL BRIDGE and at all relevant times, was and is still doing business within the jurisdiction of this Honorable Court.

5. At all material times, defendant SEA QUEST SHIP MANAGEMENT INC. (hereinafter "Sea Quest") was and is a corporation with an office and place of business located Room 3B, St Jude Bldg., 1020 General Malver Street, Makate, Manila, Philippines, was and is the owner and/or operator and/or manager of the M/V SUEZ CANAL BRIDGE and at all relevant times, was and is still doing business within the jurisdiction of this Honorable Court.

6. At all material times, defendant, APL LOGISTICS LTD (hereinafter "APL") was and is a corporation organized and existing by virtue of the laws of a foreign state with an office and place of business located at 16220 N. Scottsdale Road, Ste 300, Scottsdale, AZ 85254 and at all relevant times, was and is still doing business within the jurisdiction of this Honorable Court as a non vessel owning common carrier.

7.      At all material times, defendant, KAWASAKI KISEN KAISHA LTD d/b/a K LINE (hereinafter "K Line") was and is a corporation organized and existing by virtue of the laws of a foreign state with an office and place of business located at 8730 Stony Point Pkwy, Suite 400, Richmond, VA 23235 and at all relevant times, was and is still doing business within the jurisdiction of this Honorable Court as a common carrier of goods for hire.

8.      Plaintiff brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignments, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS

9.      Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 8, inclusive, as if herein set forth at length.

10.     In December 2013, a consignment consisting of 160 cartons Apparel, laden in container number KKFU 7219874, then being in good order and condition, was delivered to the M/V SUEZ CANAL BRIDGE and to APL and K Line and/or their agents in Haiphong, Vietnam in consideration of an agreed upon freight, pursuant to APL bill of lading number HP2408019, dated December 23, 2013 and pursuant to K Line bill of lading number KKLUHPH231290, for transportation to Boston, MA via Yantian, China and New York, New York.

11.     Thereafter, the aforementioned consignment was loaded aboard the M/V SUEZ CANAL BRIDGE and the vessel sailed for its intended destination.

12.     On or about January 23, 2014, while the vessel was enroute to the United States and in the Atlantic Ocean, the vessel encountered severe weather conditions, which resulted in the loss of a number of containers overboard, including the container laden with plaintiff's cargo.

13. As a result of the foregoing, Acushnet suffered a loss of its cargo valued at $253,032.15.

14. The loss sustained by Plaintiff was not the result of any act or omission of the Plaintiff but, to the contrary, was due solely as the result of the negligence, fault, neglect, breach of contract of carriage, and bailment on the part of the Defendants and/or its agents and/or the unseaworthiness of the M/V SUEZ CANAL BRIDGE.

15. By reason of the foregoing, plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $253,032.15.

## AS AND FOR A SECOND CAUSE OF ACTION

16. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 15, inclusive, as if herein set forth at length.

17. At the time of the aforementioned non-delivery to the shipment occurred, defendants together with the entities they hired to act on their behalf, wee acting as bailees of the shipment and in their own capacity, or through their contractors, agents, servants, or sub-bailees, had a duty to safely and properly keep, care for and deliver the shipment in the same good order and condition as when entrusted to them. Defendants also had a duty to ensure that the services provided for the shipment were performed with reasonable care and in a non-negligent and workmanlike manner.

18. Defendants breached their duties and obligations as bailees by failing to deliver said shipment.

19. By reason of the foregoing, plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $253,032.15.

## AS AND FOR A THIRD CAUSE OF ACTION

20. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 19, inclusive, as if herein set forth at length.

21. As the owners, operators, charterers and /or managers of the M/V SUEZ CANAL BRIDGE, defendants were responsible for properly manning, maintaining and repairing the vessel and for otherwise exercising due diligence to ensure that the vessel was seaworthy and fit to carry cargoes that were delivered to and loaded on board the M/V SUEZ CANAL BRIDGE during winter North Atlantic voyages.

22. The losses sustained by plaintiff were caused, in whole or in part, by the negligence and fault of defendants, and /or their agents, representatives and independent contractors for whose acts and omissions it was responsible, including but not limited to, their failure to maintain the M/V SUEZ CANAL BRIDGE in a seaworthy condition.

23. By reason of the foregoing, plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $253,032.15.

**WHEREFORE,** Plaintiff prays:

1. That process in due form of law may issue against Defendants citing them to appear and answer all and singular the matters aforesaid;

2. That judgment may be entered in favor of Plaintiff against Defendants for the amount of Plaintiff's damages in the amount of at least $253,032.15, together with interests, costs and the disbursements of this action; and

3. That this Court grant to Plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
      September 12, 2014
      176-61

                          CASEY & BARNETT, LLC
                          Attorneys for Plaintiff

By: _____
     Martin F. Casey
     41 Madison Avenue, Ste 2528
     New York, New York 10010
     (212) 286-0225